UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAELSA CABRERA DE CERVANTES, | Case No. 1:25-cv-00637-HBK |
| Plaintiff, | ORDER REMANDING CASE TO COMMISSIONER OF SOCIAL SECURITY[1] |
| v. | (Docs. 10, 12) |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Maelsa Cabrera De Cervantes ("Plaintiff"), seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her application for disability insurance benefits under the Social Security Act. (Doc. 1). The matter is currently before the undersigned on the parties' briefs, which were submitted without oral argument. (Docs. 10, 12). For the reasons set forth more fully below, the Court grants Plaintiff's motion for summary judgment, denies Defendant's motion for summary judgment, and remands the matter to the Commissioner of Social Security for further administrative proceedings.

I.    JURISDICTION

Plaintiff protectively filed for disability insurance benefits on October 7, 2021, alleging a disability onset date of August 19, 2019. (AR 1102-03). Benefits were denied initially (AR 916-

---

[1] Both parties have consented to the jurisdiction of a magistrate judge, in accordance with 28 U.S.C. §636(c)(1). (Doc. 7).

38, 968-73) and upon reconsideration (AR 939-67, 981-87).  Plaintiff appeared for a hearing before an administrative law judge ("ALJ") on February 8, 2024.  (AR 898-915).  Plaintiff testified at the hearing and was represented by counsel.  (*Id*.).  The ALJ denied benefits (AR 60-88) and the Appeals Council denied review (AR 1-9).  The matter is before the Court under 42 U.S.C. § 405(g).

## II.    BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and Commissioner.  Only the most pertinent facts are summarized here.

Plaintiff was 49 years old at the time of the hearing.  (AR 904).  She testified that she completed three years of secondary school in Mexico which she estimated was "like ninth grade." (AR 904).  She lives with her husband and three daughters.  (AR 904).  She has no relevant work history.  (AR 905).  Plaintiff testified that she cannot work because of pain caused by rheumatoid arthritis in her hands, shoulders, neck, hips, knees, feet, and "pretty much all [her] joints."  (AR 905).  She can stand for 20-30 minutes before she starts feeling pain, and can sit for one hour maximum, and can lift and carry about 10-15 pounds.  (AR 906).  Plaintiff reported she has back pain, neck pain, and depression.  (AR 907).  She is unable to climb more than three to four stairs, can lift her arms over head but gets pain in her shoulders, needs help opening a jar, and needs help tying her shoes.  (AR 908-09).

## III.    STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  *Id*. at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance."  *Id.* (quotation and citation omitted).  In determining whether the standard has been satisfied, a reviewing court must

consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Further, a district court will not reverse an ALJ's decision on account of an error that is harmless. *Id*. An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## IV.   SEQUENTIAL EVALUATION PROCESS

To be considered disabled, a claimant must satisfy two conditions. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner uses a five-step sequential evaluation to determine a claimant's disability. *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work

3

activities," the analysis proceeds to step three. 20 C.F.R. § 404.1520(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 404.1520(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 404.1545(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. 20 C.F.R. § 404.1520(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 404.1520(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*,

180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy."  20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

V.    ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff did not engage in substantial gainful activity during the period from her amended alleged onset date of August 19, 2019, through her date last insured of September 30, 2022.  (AR 68).  At step two, the ALJ found that through the date last insured Plaintiff had the following severe impairments: degenerative disc disease, rheumatoid arthritis, osteoarthritis, left shoulder impairment, obesity, major depressive disorder, and anxiety.  (AR 68).  At step three, the ALJ found that through the date last insured Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments.  (AR 69).  The ALJ then found that through the date last insured Plaintiff had the RFC to

> perform light work as defined in 20 CFR 404.1567(b) except occasionally climb ramps and stairs; occasionally climb ladders, ropes, or scaffolding; occasionally balance, stoop, kneel, crouch, and crawl; can occasionally reach overhead with the left, nondominant upper extremity (no additional reaching or other manipulative limitations); need to avoid concentrated exposure to extreme cold and hazards such as unprotected heights; able to understand, remember and carryout simple instructions for simple tasks on a sustained basis.

(AR 72).  At step four, the ALJ found that Plaintiff has no past relevant work.  (AR 81).  At step five, the ALJ found that through the date last insured, considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed, including merchandise marker, collator operator, and ticket taker.  (AR 81-82).  On that basis, the ALJ concluded that Plaintiff was not under a disability, as defined in the Social Security Act, at any time from August 19, 2019, the alleged onset date, through September 30, 2022, the date last insured.  (AR 82).

////

////

5

## VI.    ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her disability insurance benefits under Title II of the Social Security Act.  (Doc. 1).  Plaintiff raises the following issue: the assessed RFC is not supported by substantial evidence and contains legal error.  (Doc. 10 at 5-9).

## VII.    DISCUSSION

### A.  RFC/Medical Opinions

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must evaluate medical opinion evidence.  *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. § 404.1520c.  The new regulations provide that the ALJ will no longer "give any specific evidentiary weight…to any medical opinion(s)…" *Revisions to Rules*, 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68; see 20 C.F.R. § 404.1520c(a).  Instead, an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources.  20 C.F.R. § 404.1520c(a) and (b).  The factors for evaluating the persuasiveness of medical opinions and prior administrative medical findings include supportability, consistency, relationship with the claimant (including length of the treatment, frequency of examinations, purpose of the treatment, extent of the treatment, and the existence of an examination), specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements").  20 C.F.R. § 404.1520c(c)(1)-(5).

Supportability and consistency are the most important factors, and therefore the ALJ is required to explain how both factors were considered.  20 C.F.R. § 404.1520c(b)(2).  Supportability and consistency are explained in the regulations:

> (1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

6

(2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 404.1520c(c)(1)-(2).  The ALJ may, but is not required to, explain how the other factors were considered.  20 C.F.R. § 404.1520c(b)(2).  However, when two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported ... and consistent with the record ... but are not exactly the same," the ALJ is required to explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered.  20 C.F.R. § 404.1520c(b)(3).

The Ninth Circuit has additionally held that the new regulatory framework displaces the longstanding case law requiring an ALJ to provide "specific and legitimate" or "clear and convincing" reasons for rejecting a treating or examining doctor's opinion.  *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022).  Nonetheless, in rejecting an examining or treating doctor's opinion as unsupported or inconsistent, an ALJ must still provide an explanation supported by substantial evidence.  *Id*. at 792.  This means that the ALJ "must 'articulate ... how persuasive' [he or she] finds 'all of the medical opinions' from each doctor or other source ... and 'explain how [he or she] considered the supportability and consistency factors' in reaching these findings." *Id*. (citing 20 C.F.R. §§ 404.1520c(b), 404.1520(b)(2)).

In January 2022, state agency psychologist William Carne, Ph.D. opined that Plaintiff had moderate limitations in her ability to understand and remember detailed instructions; carry out detailed instructions; maintain attention and concentration for extended periods; and perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances.  (AR 931-32).  In April 2023, state agency psychologist Richard Kaspar, Ph.D. opined the same limitations.  (AR 960-61).  The ALJ generally found the moderate limitations assessed by the state agency opinions persuasive "because they are consistent with the record," and "[s]imple work limitations are supported by the claimant's moderate limitations but there is no evidence the claimant was limited to 1-2 step task[s] that are not explained or defined.  The record supports the claimant can understand, remember, and carryout simple instructions for

7

simple tasks on a sustained basis." (AR 79-80).

Plaintiff argues the ALJ erred by failing to account for the assessed moderate limitation in Plaintiff's ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances, or explain why those limitations are not included in the RFC.[2] (Doc. 10 at 5-6). The Court agrees. A claimant's RFC is "the most [the claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a); 20 C.F.R. § 416.945(a). The RFC assessment is an administrative finding based on all relevant evidence in the record, not just medical evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). In determining the RFC, the ALJ must consider all limitations, severe and non-severe, that are credible and supported by substantial evidence in the record. (*Id.*) (RFC determination will be affirmed if supported by substantial evidence). However, an ALJ's RFC findings need only be consistent with relevant assessed limitations and not identical to them. *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1222-23 (9th Cir. 2010).

Defendant argues the ALJ's RFC finding reasonably incorporated assessed moderate limitations on Plaintiff's ability  perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances, by limiting Plaintiff to simple tasks with simple instructions  (Doc. 12 at 6) (citing *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (an ALJ's assessment of a claimant adequately captures restrictions related to concentration, persistence, or pace where the assessment is consistent with restrictions identified in medical testimony)); *see also Rounds v. Comm'r of Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) ("the ALJ is responsible for translating and incorporating clinical findings into a succinct RFC"). Defendant is correct that the Ninth Circuit held in *Stubbs-Danielson* that the "ALJ's RFC finding properly incorporated the limitations … related to pace and the other mental limitations regarding attention, concentration, and adaption." *Stubbs-Danielson*, 539 F.3d at 1174. However, "the Ninth Circuit and district courts in the Ninth Circuit have held that *Stubbs-*

---

[2] Plaintiff also argues the RFC is not supported by substantial evidence because the ALJ erred in rejecting the state agency psychologists' findings that Plaintiff was limited to 1-2 step tasks. (Doc. 10 at 7-9). In light of the need to reconsider the state agency psychologists' medical opinions, and reassess the RFC, it is unnecessary for the Court to consider this challenge in detail here.

*Danielson* does not control in cases where the limitations relate to functional areas other than concentration, persistence, and pace, such as social functioning and attendance." *Panziera v. Berryhill*, 2018 WL 278623, at *20 (N.D. Cal. Jan. 3, 2018) (collecting cases).  After review of the most recent case law, the Court agrees.

> [U]npublished district course case law (which is not controlling, but is more factually on point) is split but tends to favor the view that a restriction to simple/routine tasks with limited public contact does not account for the moderate limitations [the doctor] identified in interacting with supervisors and peers, handling work related stressors, maintaining regular attendance, and completing a normal workweek without interruption.  The district court case law in support of Defendant's position is sparser and more outdated.  The weight of the more recent case law tends to refute the notion that a limitation to simple/routine tasks with limited public contact adequately accounts for other limitations in social interaction, maintaining attendance, completing a normal workday without interruptions from a psychiatric condition, and handling work related stressors.

*Harrell*, 2021 WL 4429416 at *6 (internal citations omitted); *see also Macias v. Saul*, 2021 WL 856423, at *6 (E.D. Cal. Mar. 8, 2021) (collecting cases and holding that a limitation to simple one- or two- step tasks does not account for attendance limitations); *Berenisia Madrigal v. Saul*, 2020 WL 58289, at *5-6 (E.D. Cal. Jan. 6, 2020) (restriction to simple, routine tasks dos not account for assessed limitations in ability to complete a normal workday or workweek without interruptions from psychiatric condition and the ability to deal with stress or changes encountered in the workplace); *Millsap v. Kijakazi*, 2023 WL 4534341, at *5-6 (E.D. Cal. July 13, 2023) (rejecting argument that limitation to simple, routine tasks in the RFC accounted for moderate mental limitations in opinion the ALJ found persuasive, including ability to complete a normal workday or workweek); *Sahyoun v. Saul*, 2020 WL 1492661, at *4 (E.D. Cal. Mar. 27, 2020) (rejecting argument that limitation to work involving simple and repetitive tasks adequately captured moderate limitations in maintaining regular attendance, completing a normal workday or work week without interruption from psychiatric condition, and handling work-related stress); *but see Messerli v. Berryhill*, 2017 WL 3782986, at *11 (E.D. Cal. Aug. 31, 2017) (finding limitation to simple routine tasks adequately accounted for moderate limitations in ability to accept instructions, interact with coworkers and the public, maintain attendance, and complete a normal

workday/workweek without interruptions); *Schmidt v. Colvin*, 2013 WL 5372845, at *17 (E.D. Cal. Sept. 25, 2013) (finding RFC limitation to simple unskilled work adequately captured opined moderate limitations in completing a normal workday and work week).

Based on the foregoing, the Court finds the RFC limiting Plaintiff to "able to understand, remember, and carryout simple instructions for simple tasks on a sustained basis," does not account for the state agency psychologists'' findings of moderate limitations in Plaintiff's ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances. The ALJ's failure to either provide reasons, supported by substantial evidence, to reject those limitations or to properly incorporate those limitations into the assessed RFC, constitutes error. *See Robbins*, 466 F.3d at 886; *Byrd v. Colvin*, 2017 WL 980559, at *8 (D. Or. Mar. 14, 2017) ("Here, the ALJ gave great weight to [the] opinion, but the RFC failed to take into account all of the limitations identified by [the doctor], and the ALJ failed to explain why she did not include the limitations in the RFC. As a result, the ALJ erred in formulating the RFC."). Further, on the record before the Court it cannot conclude that the error was harmless, as the vocational expert testified that unscheduled unplanned absence, including arriving late or leaving early, is tolerated a maximum of once per month. (AR 913); s*ee Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006) (the reviewing court cannot consider an error harmless unless it "can confidently conclude that no reasonable ALJ, when fully crediting the [evidence], could have reached a different disability determination").

On remand, the ALJ must reconsider the state agency psychologists' opinions along with the relevant medical evidence, and if necessary, reassess the RFC and the step five findings.

B. Remedy

Plaintiff argues the Court should remand to the Social Security Administration for the payment of benefits, or in the alternative, remand for further administrative proceedings. (Doc. 10 at 9). The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed,"

10

*Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome[.]" *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990); *see also Garrison*, 759 F.3d at 1021 (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

The Court finds that further administrative proceedings are appropriate. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (remand for benefits is not appropriate when further administrative proceedings would serve a useful purpose). Here, the ALJ improperly considered the medical opinion evidence, which calls into question whether the assessed RFC, and resulting hypothetical propounded to the vocational expert, are supported by substantial evidence. "Where," as here, "there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Treichler*, 775 F.3d at 1101. On remand, the ALJ should reevaluate the medical opinion evidence. If necessary, the ALJ should order additional consultative examinations and, if appropriate, take additional testimony from medical experts. The ALJ should conduct a new sequential analysis, reassess Plaintiff's RFC and, if necessary, take additional testimony from a vocational expert which includes all of the limitations credited by the ALJ.

Accordingly, it is ORDERED:

1. Plaintiff's Motion for Summary Judgment (Doc. 10) is GRANTED.

2. Defendant's Cross-Motion for Summary Judgment (Doc. 12) is DENIED.

3. Pursuant to sentence four of 42 U.S.C.§ 405(g), the Court REVERSES the Commissioner's decision and REMANDS this case back to the Commissioner of Social Security for further proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion within thirty (30)

11

days.

5. The Clerk shall enter judgment in favor of the Plaintiff, terminate any pending motions/deadlines, and close this case.

Dated:     July 2, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE